**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**ROBERT CARDEW** and **BARRY ARKIM,**

                          **Plaintiffs,**             **9:09-cv-775**
                                                     **(GLS/ATB)**

              **v.**

**JOSEPH F. BELLNIER,** et al.,

                          **Defendants.**

_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
Robert Cardew
Pro Se
82-C-0739
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011

Barry Arkim
Pro Se
91-B-0146
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN     DEAN J. HIGGINS
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pro se plaintiffs Robert Cardew, a former inmate of Upstate

Correctional Facility and Wende Correctional Facility, and Barry Arkim, a

former inmate of Wende, bring this action under 42 U.S.C. § 1983, claiming

violations of the First and Fourteenth Amendments and the Religious Land

Use and Institutionalized Persons Act (RLUIPA).[1]  (*See* Compl., Dkt. No.

1.)  Plaintiffs allege that defendants have implemented a policy of

segregation in double occupancy housing assignments that violates the

Equal Protection Clause and the right to practice one's religion as

protected by the First Amendment.  Plaintiffs also allege that defendants'

policy of serving "non-red-meat meals" on Fridays during Lent and the

Catholic holiday of Ash Wednesday compels plaintiffs, who are not

Catholic, to participate in a "Catholic Religious Dietary Ritual" in violation of

the First Amendment and the RLUIPA.  (*See id.*)

On May 25, 2010, defendants moved to dismiss plaintiffs complaint

pursuant to FED. R. CIV. P. 12(c).  (Dkt. No. 107.)  In a Report and

Recommendation (R&R) filed December 9, 2010, Magistrate Judge

---

[1]42 U.S.C. § 2000cc-1, *et seq.*

Andrew T. Baxter recommended that defendants' motion be granted in part

and denied in part.[2]  (*See* R&R at 2-9, Dkt. No. 133.)  Pending are plaintiffs'

objections to the R&R.  (Dkt. Nos. 134, 135.)  For the reasons that follow,

the R&R is adopted in its entirety.

## II.  Standard of Review

Before entering final judgment, this court routinely reviews all report

and recommendation orders in cases it has referred to a magistrate judge.

If a party has objected to specific elements of the magistrate judge's

findings and recommendations, this court reviews those findings and

recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No.

04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those

cases where no party has filed an objection, or only a vague or general

objection has been filed, this court reviews the findings and

recommendations of a magistrate judge for clear error.  *See id.*

## III.  Discussion

## A.    Equal Protection Claims

In the R&R, Judge Baxter recommended that plaintiffs' as-applied

---

[2]The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

equal protection claims be dismissed because plaintiffs failed to allege that

the housing policies of the Department of Correctional Services (DOCS)

were applied against them in a racially, religiously, or otherwise

discriminatory manner.  (*See* R&R at 25, 27, Dkt. No. 133.)  Given plaintiffs'

specific, though misguided, objections, (*see* Objections at 1-4, Dkt. No.

134), the court has reviewed this portion of the R&R de novo and concurs

with and adopts Judge Baxter's assessment.  In particular, the court

echoes Judge Baxter's findings that plaintiffs' allegations are conclusory

and implausible, and their legal assertions inaccurate.  (*See* R&R at 18-27,

Dkt. No. 133.)  Therefore, plaintiffs' as-applied equal protection claims are

dismissed.

As to plaintiffs' facial challenge, Judge Baxter concluded that in light

of plaintiffs' allegations—suspect as they are—and due to defendants'

failure to adequately brief this issue, plaintiffs' challenge should survive

against defendants Bezio, Cascaceli, Jordan, Kearney, LeClaire, Quinn,

Sheahan, and Sticht.  (*See id.* at 28-30.)  As none of the parties have

objected to this recommendation, the court has reviewed it for clear error

and finds none.  Accordingly, plaintiffs' facial claims are dismissed against

all but the above-specified defendants.

## B.     First Amendment Claims

Judge Baxter further recommended that plaintiffs' First Amendment claims be dismissed.  (*See id.* at 30-39.)  Plaintiffs essentially claim that defendants violated their First Amendment rights in two ways.  First, that because religion is a criterion used when making Double Occupancy Housing Unit (DOHU) assignments, defendants are "endorsing religion over non-religion" and "trying to coerce Cardew into acting contrary to his beliefs to declare a religion in order to be housed in a DOHU."  (Compl. ¶ 84, Dkt. No. 1.)  And second, plaintiffs claim that the "non-red-meat" menu served on Ash Wednesday and Fridays forces them to participate in a "Catholic religious dietary ritual."  (*Id.* at ¶¶ 86, 94, 101.)

In objecting to Judge Baxter's recommendation, plaintiffs simply reassert the factual and legal assertions contained in their complaint.  But as Judge Baxter already pointed out, "[n]othing alleged in plaintiffs' complaint plausibly indicates that the DOCS criteria for [housing] required inmates to declare membership in a religion as a prerequisite to receive a DOHU, or otherwise infringed in any way on either of their religious beliefs." (R&R at 30, Dkt. No. 133.)  Thus, Judge Baxter correctly concluded that defendants' "us[e of] religion as a criterion in DOHU assignments does not

implicate the First Amendment under the facts presented." (*Id.*)

Accordingly, the court concurs with Judge Baxter that the first prong of

plaintiffs' First Amendment challenge fails.

As to the second prong of plaintiffs' First Amendment challenge,

Judge Baxter opined that plaintiffs' allegations with respect to the meatless

menu failed to state a claim under either the Establishment Clause or Free

Exercise Clause of the First Amendment. (*See id.* at 31-39.)  With respect

to the Establishment Clause, Judge Baxter found that plaintiffs' claim

concerning the menu policies of DOCS should be dismissed as meritless.

In reaching this conclusion, Judge Baxter analogized the facts alleged here

with those presented to the Third Circuit in *Travillion v. Leon*:

> [The prison's] actions had the secular purpose of feeding the
> inmates.  The services of these meals did not have the primary
> effect of advancing Catholicism or inhibiting other religions, nor
> did it foster the excessive entanglement of government with
> religion.  The eating of a vegetarian repast is not inherently
> linked to a religious practice.  Vegetarian meals are regularly
> eaten by many different people on an everyday basis,
> regardless of their religion.

248 F. App'x 353, 355-56 (3d Cir. 2007).  In other words, "[t]he fact that

some religions are required to eat certain foods or to abstain from eating

certain foods on specific days does not render those foods 'religious' if they

6

are otherwise acceptable under another person's belief system." (R&R at

36, Dkt. No. 133.)  The court agrees with this assessment and adopts the

recommendation that plaintiffs' Establishment Clause claim be dismissed.

The court likewise concurs with Judge Baxter's recommendation as

to plaintiffs' free exercise claim.  Plaintiffs' attempt to specifically object to

the R&R.  Mainly, plaintiffs assert that defendants' contention that the

meatless menu is not a Catholic religious dietary ritual is contrary to the

Seventh Circuit's holding in *Nelson v. Miller*, 570 F.3d 871, 878 (7th Cir.

2009), that a meatless diet on Fridays during the Lenten holiday is a

Catholic religious dietary ritual.  (*See* Objections at 6-7, Dkt. No. 134.)

However, plaintiffs misinterpret *Nelson*, which simply reasserted the

already well-established, yet limited, rule that "requiring a prisoner to show

that his preferred diet is compelled by his religion was unlawful, as such a

requirement was contrary to RLUIPA."  *Nelson*, 570 F.3d at 878 (citation

omitted).  *Nelson* renders no explicit—or implicit—holding that abstaining

from eating meat is a dietary ritual specific to any religion, Catholic or

otherwise.  Giving plaintiffs' the benefit of de novo review, the court adopts

Judge Baxter's recommendation that plaintiffs' free exercise claim is not

actionable and should be dismissed.

7

## C.    **RLUIPA Claim**

As to plaintiffs' RLUIPA claim, Judge Baxter concluded that plaintiffs'

allegations fail to factually invoke the RLUIPA.  Plaintiffs specifically object

to this finding, referencing *Williams v. Morton*, 343 F.3d 212, 219 (3rd Cir.

2003), for the proposition that changing all meals to halal meals could be

considered imposing Islam on the whole prison.  Plaintiffs miss the mark.

As explained in the R&R, the RLUIPA applies where the government

has imposed "a substantial burden on the religious exercise of a person

residing in or confined to an institution."  42 U.S.C. § 2000cc-1.  Judge

Baxter concluded, and the court agrees, that the "defendants are not

interfering with plaintiffs' exercise of their religion (or non-religion), [and

therefore] RLUIPA does not apply."  (*See* R&R at 39, Dkt. No. 133.)

Accordingly, the court adopts Judge Baxter's recommendation that

defendants' motion be granted as to the RLUIPA claim and the claim is

dismissed.

## D.    **Leave to Amend**

Rule 15(a) provides that where a party seeks to amend his pleading

before trial, "[t]he court should freely give leave when justice so requires."

FED. R. CIV. P. 15(a)(2).  "A motion to amend should be denied only for

such reasons as undue delay, bad faith, futility of the amendment, and

perhaps most important, the resulting prejudice to the opposing party."

*Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir.

1987) (internal quotation marks and citation omitted).  "An amendment to a

pleading will be futile if a proposed claim could not withstand a motion to

dismiss pursuant to Rule 12(b)(6)."  *Dougherty v. Town of N. Hempstead*,

282 F.3d 83, 88 (2d Cir. 2002) (citation omitted).  Upon review of plaintiffs'

complaint and other submissions, the court finds that leave to amend would

be both factually and legally futile, and therefore denies the request.

## IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's Report and

Recommendation (Dkt. No. 133) is **ADOPTED** in its entirety; and it is

further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 107) is

**GRANTED** as to plaintiffs' First Amendment, RLUIPA, and as-applied equal

protection claims, and those claims are **DISMISSED**; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 107) is

**DENIED** as to plaintiffs' facial equal protection claims against defendants

Bezio, Cascaceli, Jordan, Kearney, LeClaire, Quinn, Sheahan, and Sticht,

but is **GRANTED** as to the other defendants; and it is further

      **ORDERED** that plaintiffs are **DENIED** leave to amend their complaint;

and it is further

      **ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

August 2, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge